IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MOHAMMED FAHIM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-582-ALM-KPJ |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Select Portfolio Servicing, Inc.'s ("Defendant") Motion for Judgment on the Pleadings (the "Motion") (Dkt. 9). Plaintiff Mohammed Fahim ("Plaintiff") did not file a response. For the reasons that follow, the Court recommends the Motion (Dkt. 9) be **GRANTED**.

I.     BACKGROUND

This case concerns the property located at 18240 Midway Road, La Buena Vista Condominiums, Building F, No. 801, Dallas, Collin County, Texas 75287 (the "Property"). *See generally* Dkt. 2. Attached to "Plaintiff's Original Petition, Request for Temporary Restraining Order, and Motion for Temporary Injunction" (the "Petition") (Dkt. 2), the live complaint in this matter, is an "Assessment Lien Deed" related to the sale of the Property (the "Deed") (Dkt. 1-4 at 12–14) and a payoff statement related to a mortgage on the Property (the "Payoff Statement") (Dkt. 1-4 at 15–18). The Payoff Statement indicates that Marcus Davis ("Davis") obtained a mortgage to secure financing for the Property. *See* Dkt. 1-4 at 15. Defendant is the servicer of the mortgage. *See id*. The Deed, dated April 5, 2022, documents that the "deed restrictions for

1

Association of Homeowners of La Buena Vida, Inc. (the "Declaration") . . . create a lien on property in La Buena Vida Condominiums to secure payment to the Association of Homeowners of La Buena Vida, of all assessments and related charges to become owing by the owners of property within the development, together with a power of sale vested in the Association." *Id.* at 12. The Deed documents that "default has been made in the payment of assessments and related charges owing by the owner of said Property, and Association of Homeowners of La Buena Vida, Inc., the owners and holder of such indebtedness, have since such default filed of record a Notice of Lien in the Deed Records of Collin County, Texas." *Id.* The Deed documents that the owner of the Property was Davis and that at public auction, the Property was sold to Plaintiff. *See id.*

Plaintiff alleges that at some time after the sale of the Property, he "came to know that Defendant had scheduled a foreclosure on July 5, 2022." Dkt. 2 at 2. Plaintiff alleges that Davis received the Payoff Statement, which indicated a payoff amount of $174,562.31, due by June 19, 2022. *See id.* at 2–3; Dkt. 1-4 at 15. Plaintiff alleges that Defendant never sent Plaintiff a copy of the Payoff Statement. *See* Dkt. 2 at 4. Plaintiff alleges that he "desires to pay off the lien but Defendant has refused and continues to refuse to communicate with Plaintiff regarding the amounts owed or otherwise." *Id.* at 2. Plaintiff asserts that Defendant has failed to give unequivocal notice of its intent to accelerate payment of the lien and has failed to provide Plaintiff a notice of foreclosure, in violation of Texas Property Code § 51.002, and has breached its duty to deal in good faith, in violation of Texas Business and Commerce Code § 1.203. *See id.* at 4, 8–9.

On June 30, 2022, Plaintiff filed the Petition (Dkt. 2) in the 416th Judicial Court of Collin County. As part of the Petition (Dkt. 2), Plaintiff requested that the court issue *ex parte* a temporary restraining order and issue a temporary injunction against Defendant's foreclosure of the Property. *See id.* at 6, 9. On July 1, 2022, the state court issued a temporary restraining order against the

foreclosure of the Property and set a hearing on Plaintiff's motion for a temporary injunction on July 14, 2022. *See* Dkt. 1-5. On July 12, 2022, Defendant filed an Answer (Dkt. 3) and timely filed a Notice of Removal (Dkt. 1).[1] After the case was removed to this Court,[2] the Court learned that Plaintiff, who was represented by counsel in the state court, intended to proceed *pro se. See* Docket Entry for August 17, 2022; Dkt. 8.[3]

On September 1, 2022, Defendant filed the Motion (Dkt. 9) and served Plaintiff by mailing it to the Property's address, which was Plaintiff's address of record on the case docket. *See* Dkt. 9 at 7. Plaintiff did not file a response to the Motion (Dkt. 9). On November 28, 2022, at the Rule 16 Conference, when the Court inquired as to why Plaintiff had not responded to the Motion (Dkt. 9), Plaintiff responded that the Property is not his residence and that he had not seen a copy of the

---

[1] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Petition (Dkt. 2) was filed on June 30, 2022, and the Defendant filed the Notice of Removal (Dkt. 1) on July 12, 2022, less than 30 days later.

[2] Plaintiff does not appear to contest that removal was proper, based on this Court's diversity jurisdiction. Nonetheless, the Court independently assesses whether removal was proper because, if removal was not proper, the Court would lack subject-matter jurisdiction over this matter. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) ("Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006))). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum. For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege[] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (internal quotations omitted).

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

The Court finds that Defendant has established federal jurisdiction. Defendant has established that it is a citizen of Utah, *see* Dkt. 1 at 2–3, and that Plaintiff is a citizen of Texas, *see* Dkt. 20. Further, Defendant has established that the amount in controversy exceeds $75,000. *See* Dkt. 1 at 3–4.

[3] The Rule 16 Conference in this matter, which was originally set for August 25, 2022, was reset to October 19, 2022, in part to allow Plaintiff sufficient time to retain counsel, if desired. *See* Dkt. 8. At the Rule 16 Conference, Plaintiff confirmed his intention to proceed in this lawsuit without counsel. *See* Dkt. 13.

Motion (Dkt. 9). *See* Dkt. 13. The Court informed Plaintiff that the Motion (Dkt. 9) had been filed and served on September 1, 2022; hence, Plaintiff's response to the Motion (Dkt. 9) was due by September 15, 2022. *See* LOC. R. CV-7(e). Plaintiff orally requested to receive service of court orders and filings by email, at brightstar00728@yahoo.com, and the Court ordered that brightstar00728@yahoo.com be Plaintiff's address of record. *See* Dkt. 14. On November 29, 2022, the Court ordered the Clerk of Court to send all case filings, including previous case filings, to brightstar00728@yahoo.com, *see id.*, and provided Plaintiff an additional period of fourteen days from receipt of the Court's Order (Dkt. 15) in which to file a response to the Motion (Dkt. 9), *see* Dkt. 15. On March 15, 2023, Defendant filed an Advisory (Dkt. 18), wherein Defendant advised the Court that as of the date of filing, Plaintiff had not filed a response to the Motion (Dkt. 9). Defendant served the Advisory (Dkt. 18) on Plaintiff by sending it to the Property and to brightstar00728@yahoo.com. *See* Dkt. 18 at 2. To date, Plaintiff has not filed a response to the Motion (Dkt. 9). Therefore, the Court presumes that Plaintiff does not controvert the facts set out by Defendant and has no evidence to offer in opposition to the Motion (Dkt. 9). *See* LOC. R. CV-7(e).

## II.     LEGAL STANDARD

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440,

442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotations omitted).

### III. ANALYSIS

#### A. Notice of Acceleration

Plaintiff appears to argue that, by virtue of his purchase of the Property, he is entitled to notice of acceleration. *See* Dkt. 2 at 4–6. Defendant argues that because Plaintiff was not the borrower on the mortgage loan, Plaintiff is not entitled to notice of acceleration. *See* Dkt. 9 at 6.

Texas law requires "serving written notice of the [foreclosure] sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." Tex Prop. Code Ann. § 51.002(b)(3); *see also Garza v. Wells Fargo Bank, N.A.*, 632 F.

App'x 222, 224 (5th Cir. 2016) ("The statute refers to a debtor as someone 'who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.'" (quoting Tex Prop. Code Ann. § 51.002(b)(3))). "[A]cceleration of a mortgage debt must be preceded by notice to the debtor of intent to accelerate." *Lawry v. Bank of N.Y. Mellon Tr. Co., N.A.*, 797 F. App'x 152, 157 (5th Cir. 2019) (per curiam) (citing *Ogden v. Gib. Sav. Ass'n*, 640 S.W.2d 232, 234 (Tex. 1982)). Accordingly, "under Texas law, '[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.'" *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (quoting *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2003, pet. denied)).

*Garza* is instructive as to the instant case. In *Garza*, Ms. Trevino purchased a house and executed a mortgage to secure financing for the house. *See Garza*, 632 F. App'x at 223. After Ms. Trevino died, each of her two children, a son and daughter, was awarded by court order a fifty percent share in the house. *See id.* The son disclaimed his ownership interest in the house. *See id.* The daughter, after moving into the house, "attempted to make the monthly payments on the house, but [the mortgage servicer] refused to accept the payments or speak with [the daughter] regarding the mortgage account." *Id.* On these facts, the Fifth Circuit held, "[the daughter's] allegation that '[the mortgage servicer] failed to send proper notices to [the daughter] regarding the mortgage loan and foreclosure' fails to state a claim: [the mortgage servicer] was not required to provide [the daughter] notice of foreclosure." *Id.* at 224.

Based on the Payoff Statement, Davis, whose name is on the Statement, was the borrower on the mortgage—not Plaintiff.[4] Because Plaintiff was not a party to the mortgage, he does not

---

[4] In its decision on the Motion (Dkt. 9), the Court may rely on the Payoff Statement, as it was attached to the Petition (Dkt. 2). *See Randall D. Wolcott*, 635 F.3d at 763.

have a right to acceleration and foreclosure notices regarding Defendant's foreclosure on the Property. Therefore, Plaintiff's claim fails as a matter of law and should be dismissed. *Accord Ankus, L.L.C v. Wells Fargo Bank, N.A.*, No. CV H-19-3365, 2020 WL 1064866, at *3 (S.D. Tex. Mar. 5, 2020) ("Because [the plaintiff] was not the debtor under the deed of trust, it was not entitled to notice of the sale."); *Baker v. U.S. Bank, N.A.*, No. 4:16-CV-00407-O-BP, 2017 WL 1155892, at *3 (N.D. Tex. Mar. 10, 2017), *R. & R. adopted sub nom. Baker v. U.S. Bank, N.A. for Registered Holders of CSFB Home Equity Pass-Through Certificates, Series 2005-F1X1*, 2017 WL 1133422 (N.D. Tex. Mar. 27, 2017) ("Because [the plaintiff] did not execute the Promissory Note or Deed of Trust pertaining to his mother's property, he was not obligated to pay the debt. Therefore, [the plaintiff] was not a debtor and was not entitled to foreclosure notices under Texas law; accordingly, [the plaintiff] cannot maintain a claim that Defendants violated Texas Property Code § 51.002.") (citations omitted).

### B. Breach of Duty to Deal in Good Faith

Plaintiff argues that Defendant has a duty to deal in good faith with Plaintiff, as required by Title 1 of the Texas Business and Commercial Code (the "UCC").[5] *See* Dkt. 2 at 8–9. Defendant argues that no duty of good faith exists between a mortgagor and mortgagee, and even if such a duty existed, it would not apply to Plaintiff, as he is not the mortgagee. *See* Dkt. 9 at 3–5.

"The UCC . . . does not govern the mortgage, a lien on real property." *Tremble v. Wells Fargo Home Mortg., Inc.*, 478 F. App'x. 164, 166 (5th Cir. 2012) (per curiam) (citing Tex. Bus. & Com. Code § 9.109(d)(11) (excluding "interest in or lien on real property"); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.) ("Because the Deed of

---

[5] Texas incorporated the Uniform Commercial Code (the "UCC") under Title 1 of the Texas Business and Commercial Code. *See* Tex. Bus. & Com. Code Ann. § 1.101.

Trust places a lien on *real* property, it is not governed by the UCC.")). Accordingly, Plaintiff's contention that "every promissory note has an implied covenant of good faith and fair dealing by virtue of § 1.203 of [the UCC]" is inaccurate. Dkt. 2 at 8. Moreover, as Defendant has correctly noted, and has already been discussed, Plaintiff was not a borrower on the mortgage. The Petition (Dkt. 2) itself, while erroneously contending that a lien on property creates a duty to deal in good faith, discusses the duty in terms of lender and borrower. *See id.* ("Such obligation permeates all of the dealings between lender and borrower because the promissory note in issue is the primary agreement between the parties.").[6]

Accordingly, Plaintiff's claim that Defendant had a duty to deal in good faith with Plaintiff, and that Defendant violated that duty, fails as a matter of law and should be dismissed. *Accord Kallie v. Citi Residential Lending, Inc.*, No. CV H-18-4238, 2019 WL 398145, at *3 (S.D. Tex. Jan. 31, 2019) ("The UCC's implied duty of good faith and fair dealing does not apply because the UCC is not applicable to real property liens. There is also no baseline duty of good faith and fair dealing between mortgagors and mortgagees under Texas law . . . Plaintiffs do not assert any additional facts tending to show that they had a special relationship with [the mortgagors]. Plaintiffs' claim for breach of the implied duty of good faith and fair dealing therefore fails as a matter of law."); *Woods v. Flagstar Bank*, No. SA-17-CV-01209-FB, 2018 WL 7288031, at *4 (W.D. Tex. Apr. 12, 2018), *R. & R. adopted*, 2018 WL 7288020 (W.D. Tex. Sept. 21, 2018) ("Plaintiff attempts to make certain allegations under the UCC and the Texas Business and

---

[6] While the Petition (Dkt. 2) does not assert a common law duty to deal in good faith, Defendant addresses it and argues that it does not apply here. *See* Dkt. 9 at 4. Indeed, "Texas does not recognize such a duty between a mortgagor and mortgagee except where there is a special relationship 'marked by a shared trust or an imbalance in bargaining power.'" *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) (quoting *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990)). Plaintiff has not alleged any facts that suggest a "special relationship" between him, a non-mortgagee, and Defendant, the mortgage servicer. Therefore, to the extent Plaintiff is asserting a common law duty to deal in good faith claim, Plaintiff has failed to state such a claim.

Commerce Code regarding his alleged tender of payment on the loan at issue. Any such claim must be dismissed as a matter of law because the Texas Business and Commerce Code and the UCC do not apply to Plaintiff's mortgage, because it is a lien on real property.") (citations omitted).[7]

### C. Leave to Amend

Plaintiff does not have the right to amend his pleading as a matter of course. *See* FED. R. CIV. P. 15(a)(1). Nevertheless, in all other cases of pretrial amendment, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]here is a strong presumption in favor of granting leave to amend." *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006) (citation omitted). "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case[.]" *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). "Futility" means that "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873 (collecting cases). "Generally . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster*

---

[7] Additionally, Plaintiff asserts a claim for attorney's fees under Texas Civil Practice & Remedies Code Section 38.001 (mistakenly referred to as Section 38.007) and "the Texas common law." Dkt. 2 at 9. Because Plaintiff has failed to state a cause of action upon which relief can be granted, Plaintiff necessarily cannot obtain attorney's fees under Section 38.001. *See Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 60 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("To obtain an award of attorney's fees under Section 38.001, 'a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages.'" (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997))). Further, the Court finds no support for the proposition that there is a Texas common law right to recovery of attorney's fees. *See id.* ("Under Texas law, a court may award attorney's fees only when authorized by statute or by the parties' contract." (citing *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009))).

9

*v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* (quoting *Bazrowx*, 136 F.3d at 1054).

By Plaintiff's own attachment to the Petition (Dkt. 2), it is clear that he is not the borrower on the mortgage pursuant to which Defendant seeks to foreclose on the Property. Therefore, by law, he is not a "debtor" entitled to acceleration and foreclosure notices. Further, the duty to deal in good faith imposed by the UCC does not apply to mortgages. And, as Plaintiff is not the mortgagee on the mortgage, he is unable to assert that a special relationship exists between him and Defendant such that Defendant had a common law duty to deal in good faith with him.

As any amendment to the Petition (Dkt. 2) would be futile, Plaintiff has already pleaded his best case.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 9) be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED.**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C.

§ 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 23rd day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE